THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KELLY STONE and WILLIAM HOFFMAN,<br><br>    Plaintiffs,<br><br>    v.<br><br>HEATHER KIPLING MEHRA-PEDERSEN, JAY LEWIS, KYLE PATTEN, JIMMY HANSEN,<br><br>    Defendants. | Case No. 2:18-cv-00467-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

The Court has before it Plaintiffs' application to proceed *in forma pauperis*. Dkt. 1. Rather than seeking to avoid paying the $400 filing fee however, Plaintiffs simply ask that they be allowed to pay the filing fee in installments. Plaintiffs' application is hereby GRANTED.

**ANALYSIS**

To proceed without payment of the $400 filing fee, plaintiffs must submit an affidavit listing all assets possessed, including a statement that they are unable to pay the filing fee. *See* 28 U.S.C. § 1915(a)(1). The supporting affidavits must state the facts as to the affiant's poverty "with some particularity, definiteness, and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981). The litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. du Pont De Nemours & Co.*,

335 U.S. 331, 339 (1948). District courts have significant discretion is setting the amount of payment so long as the exercise of discretion serves the "in forma pauperis statute's goal[s] of granting equal access to the courts regardless of economic status …, defraying some of the judicial costs of litigation[,] and screening out frivolous claims." *Olivares v. Marshall*, 59 F.3d 109, 111 (9th Cir. 1995).

Plaintiffs' filing shows they have a low combined income, consisting entirely of disability payments in the amount of $1097 and $1339 to Ms. Stone and Mr. Hoffman, respectively. Dkt. 1. Ms. Stone and Mr. Hoffman do not have any assets of significant value. *Id.* In addition, Mr. Hoffman has significant medical expenses in relation to the size of his disability payments. *Id.* As such, it is appropriate to allow Ms. Stone and Mr. Hoffman to pay the filing fee according to a payment plan. *Id.*

Within twenty-one (21) days of the issuance of this Memorandum Decision and Order, Plaintiffs shall file a proposed payment plan reflecting their current financial status. *See In re Williamson*, 786 F.2d 1136 (8th Cir. 1986) (upholding the district court's imposition of a payment plan). Additionally, because Plaintiffs will, via a payment plan, pay the full amount of the filing fee, the Court will forgo screening Plaintiffs' complaint. *Cf. Olivares*, 59 F.3d at 111 (acknowledging that the screening procedure is employed in order to provide, in lieu of the filing fee, deterrence against frivolous lawsuits).

## ORDER

In accordance with the Memorandum Decision set forth above,

1. Plaintiffs' application to proceed *in forma pauperis* is GRANTED.



DATED: February 4, 2019

_____
B. Lynn Winmill
U.S. District Court Judge