UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILLIAM HOFFMAN, et al., | Case No. 2:18-cv-00467-BLW |
| Plaintiffs, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| HEATHER PEDERSEN, et al, | |
| Defendants. | |

## INTRODUCTION

Pending before the Court is Defendant's Motion for Summary Judgment. Dkt. 32. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument. After careful consideration of the briefing and arguments, for the reasons that follow, the Court will grant the motion.

# BACKGROUND

On or about May 27, 2016, Heather Pedersen, on behalf of her limited liability company, Bookpoint, LLC, leased an apartment located at 808 Lake St. in Sandpoint, Idaho to William Hoffman and Kelly Stone.  On October 17, 2016, Hoffman and Stone were served with a Three Day Notice to Pay Rent or Vacate. On October 23, 2016, Pedersen, Stone, and Hoffman entered into a written agreement to waive any and all claims against one another, or Pedersen's LLC, family, friends, other tenants or her agents. *Def. Statement of Facts*, Dkt. 33 at 2; Dkt. 25 at 3-4. Hoffman also promised to vacate the apartment by October 31, 2016. *Id.* In exchange for these promises, Pedersen agreed to pay $2,000.00 to Hoffman and Stone and, on behalf of Bookpoint, LLC, promised not to file an eviction action against Hoffman and Stone. *Id.* Hoffman accepted a payment of $2,000.00 from Pedersen. Dkt. 25 at 3-4.

On October 31, 2016, Hoffman and Pedersen agreed to modify their written agreement. Dkt. 25 at 16. In exchange for changing the moveout date to November 3, 2016, Hoffman signed a second hand-written release of claims. *Id.* Hoffman failed to move out by November 3, and Pedersen filed an eviction action against Hoffman and Stone in Bonner County Magistrate Court. Dkt. 33 at 2.

The court entered judgment against Hoffman and Stone on November 10,

2016. Hoffman appealed the judgment. On or about August 1, 2017, Pedersen,

Bookpoint, LLC, and Hoffman entered into an agreement to settle Hoffman's

appeal. Dkt. 25 at 4. The parties agreed to dismiss the appeal and vacate the

eviction against Hoffman in exchange for Hoffman waiving any current or future

civil or criminal claims against Pedersen and Bookpoint, LLC. *Id.* at 13.

Additionally, the agreement provided for reasonable attorney fees and costs to the

prevailing party, and liquidated damages of $4,000 if Hoffman breached the

agreement. *Id.* at 14. Hoffman signed the agreement on July 31, 2017, and

Pedersen signed as an individual and on behalf of Bookpoint, LLC on August 1,

2017. *Id.* Thereafter, the eviction judgment was vacated, and the appeal was

dismissed.

Hoffman and Stone filed the present action on October 24, 2018, alleging

claims of: (1) violations of the Fair Housing Act, (2) violations of the Idaho

Consumer Protection Act, and (3) negligence. *Compl.*, Dkt. 2 at 39-45. The

defendants now move for summary judgment and for an award of attorney fees and

liquidated damages contemplated under the August 1, 2017 settlement agreement.

## LEGAL STANDARD

Under Idaho Law, "a motion for the enforcement of a settlement agreement

is treated as a motion for summary judgment when no evidentiary hearing has been

conducted." *Kosmann v. Dinius*, 165 Idaho 375, 380 (2019). Summary judgment is appropriate where a party can show that, as to any claim or defense, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). There must be a genuine dispute as to any material fact – a fact "that may affect the outcome of the case." *Id.* at 248.

The evidence must be viewed in the light most favorable to the non-moving party, and the Court must not make credibility findings. *Id.* at 255. Direct testimony of the non-movant must be believed, however implausible. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999). On the other hand, the Court is not required to adopt unreasonable inferences from circumstantial evidence. *McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute as to material fact. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case. *Fairbank*

*v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir. 2000).

This shifts the burden to the non-moving party to produce evidence

sufficient to support a jury verdict in her favor. *Deveraux*, 263 F.3d at 1076. The

non-moving party must go beyond the pleadings and show "by her [ ] affidavits, or

by the depositions, answers to interrogatories, or admissions on file" that a genuine

dispute of material fact exists. *Celotex*, 477 U.S. at 324.

However, the Court is "not required to comb through the record to find some

reason to deny a motion for summary judgment." *Carmen v. San Francisco*

*Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001) (quotation omitted).

Instead, the "party opposing summary judgment must direct [the Court's] attention

to specific triable facts." *Southern California Gas Co. v. City of Santa Ana*, 336

F.3d 885, 889 (9th Cir. 2003).

## ANALYSIS

**A.     Defendants' claims are barred under the statutes of limitations.**

The Fair Housing Act creates a private right of action for any aggrieved

person who "claims to have been injured by a discriminatory housing practice." 42

U.S.C. §§ 3602(i)(1), 3613(a)(1)(A). An aggrieved person must bring the lawsuit

within two years of either the occurrence or termination of an alleged

discriminatory housing practice. 42 U.S.C. § 3613(a)(1)(A). The computation of

the two-year period "shall not include any time during which an administrative proceeding under this subchapter was pending with respect to a complaint or charge under this subchapter based upon such a discriminatory housing practice." 42 U.S.C. § 3613(a)(1)(B).

The Idaho Consumer Protection Act protects "both consumers and businesses against unfair methods of competition and unfair or deceptive acts and practices in the conduct of trade or commerce." I.C. § 48-601. A private right of action must be brought within two years after the cause of action accrues. I.C. § 48-619.

Idaho Code § 5-219(4) sets a two-year statute of limitation for actions for injury to a person. In Idaho, generally, a cause of action accrues when one party may sue another. *Galbraith v. Vangas, Inc.*, 103 Idaho 912, 916 (Idaho Ct. App. 1982). In cases where the injury results from a continuous chain of tortious activity, the limitation period does not begin to run until the tortious behavior has ended. *Johnson v. McPhee*, 147 Idaho 455, 463 (Idaho Ct. App. 2009).

Defendants argue that each of the Plaintiff's claims are barred by the applicable two-year statute of limitations. Plaintiffs filed the Complaint on October 24, 2018. Dkt. 2. Defendants claim that neither the Complaint nor the responsive pleadings allege any "specific occurrence, act, or omission supporting Plaintiffs'

claims . . . to have occurred after October 23, 2016." Dkt. 34 at 10. Plaintiffs'

responsive pleadings do assert, however, that the statute of limitations was tolled

during "the time HUD had our file. It was 9 months." Dkt. 42 at 7. No citation to

supporting materials in the record is provided. *See id.*

Pro se litigants, like other litigants, must comply strictly with the summary

judgment rules. *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010).

Allegations in the complaint, unsupported conjecture, or conclusory statements

cannot defeat summary judgment. *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d

1107, 1112 (9th Cir. 2003). The Court finds the pleadings and supporting materials

do not give rise to a genuine issue of material fact.

The Court has thoroughly reviewed Plaintiffs' complaint and can find no

conduct occurring after October 23, 2016, giving rise to any of their claims. First,

Plaintiffs allege that Defendants violated the Fair Housing Act. Plaintiffs allege

that Defendants knew Kelly Stone was handicapped and refused to make

reasonable and necessary accommodations in violation of 42 U.S.C. § 3604(f). *See*

Dkt. 2 at 39-40; *see also* 42 U.S.C. § 3604(f)(3)(B). Plaintiffs also allege that

Defendants "coerced, intimidated, threatened or interfered with Plaintiffs their

exercise or enjoyment of rights [sic]" in violation of 42 U.S.C. § 3604(f). Dkt. 2 at

41. These claims cannot be construed to include any conduct after October 23,

2016, when Hoffman and Stone entered into an agreement with Pedersen to vacate the apartment in exchange for $2,000.

Next, Plaintiffs allege that Defendants violated the Idaho Consumer Protection Act. Specifically, Plaintiffs argue that Defendants knew or should have known that their actions caused "likelihood of confusion," that they failed to deliver a legible copy of the lease to Plaintiffs at the time of signing, and that they engaged in misleading, false, or deceptive acts, all in violation of I.C. § 48-603. Dkt. 2 at 41-42. Plaintiffs also argue that Defendants knowingly engaged in unconscionable methods, acts, or practices against a disabled person in violation of I.C. § 48-603C by knowingly taking advantage of Stone, who was apparently unable to understand the agreement, by inducing Plaintiffs to enter into an "excessively one-sided" agreement, and by engaging in "conduct or pattern of sales" that "outrages or offends the public conscience." Dkt. 2 at 42. Plaintiffs also claim that Defendants caused the loss of encumbrance of a disabled person's primary residence in violation of I.C. § 48-608. *Id.* Plaintiffs also fail to allege any conduct occurring after October 23, 2016, related to this claim.

Finally, Plaintiffs allege various grounds for their negligence claim, including negligent failure to supervise, train, hire, and discipline employees, and failure to operate the premises in a safe, healthy, and hospitable manner. Dkt. 2 at

MEMORANDUM DECISION AND ORDER - 8

43-45. Here too, Plaintiffs fail to allege any specific instances of conduct occurring after October 23, 2016.

Moreover, Plaintiffs have not pointed to any evidence to support their claim that the statute of limitations was tolled, and the Court is unable to locate any supporting evidence in the record. None of Plaintiff's pleadings, liberally construed, set forth facts that would be admissible evidence to show that HUD reviewed the Plaintiff's "file" or the relevant dates of the HUD review.

Because the statute of limitations was not tolled at any point and because Plaintiffs have failed to allege any relevant conduct occurring after October 23, 2016, the two-year statutes of limitations for all claims had expired when Plaintiffs filed the Complaint on October 24, 2018. Accordingly, Defendants' Motion for Summary Judgment will be granted.

**B.      Defendants are entitled to enforcement of the liquidated damages provision.**

Defendants request that the liquidated damages provision in the August 1, 2017 settlement agreement be enforced against Hoffman. Liquidated damages provisions are enforceable under Idaho law if two conditions are met: (1) an accurate determination of the damages would be difficult or impossible, and (2) the liquidated damages bear a reasonable relationship to actual anticipated damages. *Schroeder v. Partin*, 151 Idaho 471, 476 (2011) (quoting *Graves v. Cupic*, 75

Idaho 451, 456 (1954), *overruled on other grounds*). "[W]here the forfeiture or damage fixed by the contract is arbitrary and bears no reasonable relation to the anticipated damage, and is exorbitant and unconscionable, it is regarded as a 'penalty', and the contractual provision therefor is void and unenforceable." *Schroeder*, 151 Idaho at 476.

The burden of proof is on the party asserting that the liquidated damages provision is unenforceable. *Id.* That party must show either that the liquidated damages are not reasonably related to actual damages, or that the liquidated damages are exorbitant and unconscionable. *Id.*

Here, Hoffman, Pedersen, and Bookpoint, LLC included a liquidated damages provision in the settlement agreement executed on August 1, 2017. The Plaintiffs' Declaration in Support of Opposition to Motion for Summary Judgment (Dkt. 42) fails to provide any evidence against enforcement of the liquidated damages provision. The plaintiffs fail to even assert that the liquidated damages provision is unenforceable. *See* Dkt. 42 at 6. Because the plaintiffs did not meet their burden here, the liquidated damages provision will be enforced against them.

Hoffman breached the settlement agreement by commencing this action, and thus Pedersen and Bookpoint, LLC are entitled to $4,000 in liquidated damages.

**C.     Plaintiffs are entitled to attorney fees and costs.**

"Idaho follows the general rule that attorney fees are not recoverable unless provided for by statute or by contract between the parties." *Weston v. Globe Slicing Mach. Co.*, 621 F.2d 344, 347 (9th Cir. 1980). But where the parties have contracted for attorney fees, these provisions are usually enforceable. *Mountainview Landowners Co-op Ass'n v. Cool*, 142 Idaho 861, 867 (2006).

Here, the August 1, 2017 settlement agreement also provides for an award of attorney fees to the prevailing party if either party breached the agreement and enforcement proceedings became necessary. Hoffman breached the agreement by filing this action, and Defendants have prevailed on all claims. Thus, the Court will award attorney fees to Pedersen and Bookpoint, LLC.

## ORDER

**IT IS ORDERED that:**

1.     Defendants' Motion for Summary Judgment (Dkt. 32) is **GRANTED**.

2.     Heather Kipling Mehra-Pedersen and Bookpoint, LLC are awarded $4,000 in damages pursuant to the settlement agreement executed August 1, 2017.

3.     Heather Kipling Mehra-Pedersen and Bookpoint, LLC are awarded attorney fees and costs pursuant to the settlement agreement executed

August 1, 2017.  Within 30 days after the entry of this order, they shall

submit a separate motion for attorney fees and costs, accompanied by an

affidavit stating the amounts incurred in defending this action.

DATED: October 2, 2020

B. Lynn Winmill
U.S. District Court Judge