UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILLIAM HOFFMAN, et al., | Case No. 1:18-cv-00467-BLW |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| HEATHER PEDERSEN, et al., | |
| Defendant(s). | |

## INTRODUCTION

Before the Court is a motion for attorney fees filed by Defendants Heather

Pedersen and Bookpoint, LLC. (Dkt. 54). The Court previously ruled that

Defendants are the prevailing party in this action and, pursuant to a written

agreement between the parties, are entitled to an award of attorney fees.

Defendants have filed an Affidavit of Counsel in Support of Motion for Attorney

Fees setting forth the fees billed in defending this action. As of the date of this

Order, Plaintiffs have not filed a response to the motion. For the reasons set forth

below, the Court will grant Defendants' motion for attorney fees.

## LEGAL STANDARD

Idaho law applies to the interpretation and application of the attorney fee provision in the Settlement Agreement in this case. *Resolution Trust Corp. v. Midwest Fed. Sav. Bank of Minot*, 36 F.3d 785, 800 (9th Cir. 2002). Idaho Rule of Civil Procedure 54(e)(1) authorizes the award of reasonable attorney fees to the prevailing party in a civil action when provided for by statute or contract. If the court grants attorney fees to a party in a civil action it must consider the following factors: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly and the experience and ability of the attorney in the particular field of law; (4) the prevailing charges for like work; (5) whether the fee is fixed or contingent; (6) the time limitations imposed by the client or the circumstances of the case; (7) the amount involved and the results obtained; (8) the undesirability of the case; (9) the nature and length of the professional relationship with the client; (10) awards in similar cases; (11) the reasonable cost of automated legal research (Computer Assisted Legal Research), if the court finds it was reasonably necessary in preparing a party's case; (12) any other factor which the court deems appropriate in the particular case. I.R.C.P. 54(e)(3). The "trial court is not required to make specific findings demonstrating how it employed any of the factors in Rule

54(e)(3), [but] it is required to consider those factors when determining the amount of the fees to award." *Sun Valley Potato Growers, Inc. v. Texas Refinery Corp.*, 86 P.2d 475, 483 (Idaho 2004).

## ANALYSIS

Despite the lack of opposition to the motion for attorney fees, District of Idaho Local Civil Rule 54.2 mandates that claims for attorney fees are not to be treated as routine items of costs, and attorney fees will be allowed only upon an order of a judge "after such fact-finding process as the judge orders." Further, the contract requires the Court to determine a "reasonable" fee award. Accordingly, the Court must determine if the fees requested by Defendants are reasonable even if Plaintiffs do not contest them.

Defendants seek fees in the amount of $10,825.00. The Court has considered each of the factors set forth in Rule 54(e)(3) and finds that the attorney fees set forth in counsel's declaration in support of the motion for attorney fees are reasonable.

First, the Court will note that time limitations were not a significant factor in this case, and the Court does not find this case to be particularly desirable or undesirable. The Court also notes that automated legal research was not utilized in this case.

The skill required to perform the legal services properly was fairly standard in this case. The attorneys defending this action are experienced civil attorneys who have litigated similar actions in Idaho and the legal and factual issues presented by the case were competently addressed. In addition, defense counsel spent a reasonable amount of time on this matter. The pleadings filed by Plaintiffs in this case were lengthy, disorganized and confusing. Although the issues were not novel, the inability of the Plaintiffs to clearly articulate their claims made reviewing pleadings time-consuming and added to the difficulty of defending this action.

Counsel represented Defendants on an hourly rate. The specific billing rate for both attorneys who worked on the case is set forth in detail in the affidavit in support of the motion. The hourly rates are comparable to the hourly rates of attorneys with similar experience and skill in Northern Idaho. The fee award sought in this case is typical of similar cases involving similar claims and motion practice.

Defense counsel diligently pursued pretrial resolution of this case, and ultimately obtained a favorable ruling on summary judgment resulting in complete pre-trial dismissal of the case. Counsel has represented Defendants since

approximately November 2016. This familiarity with the facts and legal issues of the case likely resulted in a more efficient resolution of the case.

Therefore, after considering each of the Rule 54(e)(3) factors, the Court finds that Defendants' request for attorney fees is reasonable. The Court will award Defendants attorney fees in the amount of $10,825.00.

## ORDER

**IT IS ORDERED that:**

1.  Defendants' Motion for Attorney Fees (Dkt. 54) is **GRANTED**.

    Plaintiff William Hoffman shall pay Defendants attorney fees in the amount of $10,825.00.

DATED: January 4, 2021

_____
B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 5**